## HANDY v. DAVIS.

38 411
66 168

The mistake or misapprehension of counsel in reference to some matter of fact which transpired in the course of the trial of a cause, or his erroneous conclusion as to some point involved in it, does not constitute a case of accident, mistake, or misfortune, within the meaning of the statute which authorizes the court on petition to grant a new trial when injustice has been done through accident, mistake, or misfortune.

If, however, the case is such as is contemplated by the statute, the new trial will not be granted if it appears that the mistake or error resulted from the want of ordinary care and diligence in the party or his counsel, or that its injurious consequences might have been avoided by the exercise of such care and diligence; nor will it be granted unless it appears that there is some degree of probability that the injustice will be corrected by a new trial.

THIS is a petition for a new trial in the action *Davis* v. *Handy*, in which judgment was rendered for the plaintiff, the present petitionee, according to the opinion of this court in the case as reported in 37 N. H. 65. The petitioner alleges that injustice was done by said judgment, through accident, mistake, and misfortune, and that a new trial would be just and equitable. The facts upon which he relies in support of the petition sufficiently appear from the opinion of the court, in connection with said reported case.

*Hackett*, for the petitioner.

1. Has injustice been done to the petitioner? There can be no doubt on this point. Davis does not attempt to deny that he is claiming to hold, and, if the new trial is not granted, will hold $3,000 worth of real estate as and for a parcel worth and appraised at $300. He holds this because, as was held in the case, Handy was estopped to claim what he requested Davis to levy upon, and there is no pretence that he suggested to Davis to levy upon anything more than the lot fenced out. There has been no attempt to try the question whether Handy requested

Davis to levy upon his own factory and engine, and take $3,000 of property for $300 worth of debt.

2. Was this injustice done through accident, mistake, or misfortune ? The testimony on the part of the petitioner shows that his counsel inquired of the counsel on the other side, whether the plaintiff claimed the whole lot, and that the reply was that he claimed only the part fenced out, and that the trial proceeded upon this understanding.

3. Did this result happen from any unreasonable neglect of Handy or his counsel ? They were misled by the statement of the counsel, and the plaintiff alone should be held responsible. It was not want of due care and diligence to trust to the statement of the extent of the plaintiff's claim, as made by his own counsel in open court in the progress of the trial ; but still, if there was any neglect on the part of the defendant, the statute empowers the court to grant the new trial, if equity and justice require that another hearing should be had ; and this equity and justice clearly require.

*S. H. Goodall*, for Davis.

SAWYER, J. The petitioner, John N. Handy, applies to the court for a new trial in the action William Davis, Jr., against him, which was a writ of entry pending in this court, in which judgment was rendered for the demandant, Davis, according to the opinion of the court upon a case saved, as reported in 37 N. H. 65. The ground of the application is, that the judgment was obtained against him through accident, mistake, or misfortune, and that injustice is thereby done. The alleged accident and mistake will appear from the following statement :

As originally drawn, the writ in the action contained two counts, in one of which the claim is for a tract of land bounded southerly by South street, and northerly by land

of the rope-walk; in the other, for all the land and interest in land set off to the plaintiff on levy of an execution in his favor against one Johnson, not included in the description in the first count. When the writ was drawn the attorney had no description of the tract intended to be claimed, and the declaration was thus framed with the intention to cover the premises, however they might be described, which were set off to the plaintiff by the extent. The plaintiff amended his declaration, by leave of court, by inserting an additional count, in which the land claimed is described as bounded on the south-east by South street, forty-four feet, and on the north-west by a rope-walk, forty-four feet; the north-east and south-west lines being stated to be respectively one hundred and one hundred and thirty feet more or less in length. At some time prior to the commencement of the suit, the southerly line of the rope-walk referred to, as then used, was about the distance of one hundred and thirty feet on the east side of the premises from South street; but at a later period, though previous to the commencement of the suit, the proprietor, having purchased the lot adjoining the old rope-walk on the south, used the premises to the extent of forty or fifty feet further towards South street, as a part of his rope-walk, placing a building and engine for operating his works upon it, and digging a well in the land for a supply of water to the engine. According to the testimony of the petitioner, an inquiry was made at the trial, by his counsel, as to the extent to which the plaintiff claimed under the description in his writ; that is, whether he claimed the whole lot extending one hundred and thirty feet on the east side line from South street up to the original rope-walk line, as it was before the addition, or whether he claimed only from the street to the extent of some eighty or ninety feet on the east side, up to the line on which a fence had been erected, marking the southerly side of the yard in which were the engine and well, and

which, being used exclusively for purposes connected with the rope-walk, might properly be considered as a part of it. The question whether the plaintiff claimed the whole lot, or only to the fence, was proposed at an early stage of the trial by Mr. Hackett, the defendant's attorney, to Mr. Goodall, who appeared for the plaintiff. The position taken by the petitioner is that Mr. Hackett, understanding the reply to be that the plaintiff claimed only the part of the lot extending to the fence, was governed, in the line of defence which he adopted, by the consideration that the only matter to which the trial and the evidence would relate was thus admitted by the plaintiff's attorney to be that part of the lot. It is denied by the petitionee that such admission was made by his attorney, or that it was acted upon by the counsel for the petitioner, as an admission understood to have been made, and there is conflicting evidence upon these points. It may be assumed that the facts are as claimed by the petitioner upon these points. No memorandum or note of the answer of Mr. Goodall as an admission of the plaintiff, or an agreement by the parties in the case, was made by the judge, nor was the attention of the court called to the matter as one in any way affecting the course of the trial or its result. All that was said upon the subject was rather in the nature of conversation between the counsel at the bar, than a statement of matters material to the case, addressed to the attention of the court. A verdict was ordered by the court for the plaintiff for the demanded premises, without limiting it to the parcel bounded by the fence. The mistake, accident, or misfortune, upon which the petitioner relies as the ground of his application for a new trial, is the error into which his counsel is alleged to have been led by the answer of the plaintiff's attorney. It is claimed that, whether he misunderstood the answer, and, acting under that misapprehension, adapted his defence to that view, or understood correctly the answer as being what

the petitioner insists it was in fact—a concession that the plaintiff claimed only to the fence, and relied upon this as sufficient to estop the plaintiff from taking a verdict for more than was thus claimed—in either case a mistake has occurred by which injustice has been done to the petitioner, and equity requires that a new trial should be had.

The mistake, assuming that it is shown by satisfactory evidence to have occurred as the petitioner contends, is not of the character contemplated by the statute as ground for a new trial. It consists either in the counsel's misunderstanding what was said in the course of the trial, and acting upon that misunderstanding; or, understanding it correctly, in drawing wrong conclusions from it, and acting upon them. It would certainly be no surprising thing if, in every trial of any very considerable degree of complexity, some such mistake or misunderstanding should occur on one side or the other. It is clear that such an error of fact or of logic is not the mistake intended by the statute. The word accident, used in this connection, indicates that the kind of mistake or error intended is such as results from fortuitous circumstances, and not such as arises from an error of judgment or misapprehension, on the part of the counsel, in reference to the points of the case, as they arise in the course of the trial. It would be a most unwise policy to grant new trials for such mistakes and errors.

Besides, if the mistake had been such as is meant by the statute, still, if its injurious consequences might have been avoided by the parties' own care and prudence, the new trial ought not to be granted. The remedy by new trial is intended for the relief of those who, having exercised ordinary diligence, are, nevertheless, subjected to injustice, through mistake or accident in connection with the former trial, notwithstanding this exercise of diligence on their part. If the petitioner understood at the trial that the question whether the plaintiff claimed the whole

or but part of the lot, must control the course of the defence, it certainly was material that, when the plaintiff announced that his claim was limited to part of the lot, the court should be informed of it, and note it as matter material to be known to them in ordering the verdict, or instructing the jury as to the verdict to be found by them. If the defendant's attorney had called the attention of the judge to this concession of the plaintiff as a fact in the case, the mistake, if there was one, would at once have been corrected. If he misunderstood the attorney of the plaintiff in his statement of what was claimed, he would have been put right by a statement not liable to be misunderstood ; and if he understood him correctly, as claiming only the part of the lot, the judge, upon being so informed, and noting it as a conceded fact in the case, would have been at liberty to modify the verdict in conformity with the concession. On this point the position in which the petitioner stands is this : When the attorney for the plaintiff informed him that he claimed only part of the lot, he deemed it a matter of sufficient importance to warrant him in changing his ground of defence on account of it, expecting, if a verdict was taken for the plaintiff, it would be only for the part so claimed ; but he neglected to call the attention of the judge to the matter, so that he would have the fact in the case upon which he might order the verdict accordingly ; and he now asks that he may have a new trial, for the purpose of giving him an opportunity to reduce the verdict precisely as the court would have reduced it on the former trial, if he had not thus neglected to put the judge in possession of the fact. Having had an opportunity to avoid by this course the unjust verdict, if it be such, of which, in the exercise of ordinary diligence, he ought to have availed himself, he should not have a second trial solely for the purpose of giving him a fresh opportunity to do what might and should have been done at the first.

Handy *v.* Davis.

But, again, it does not appear, from the evidence in the case, that any injustice has been done to the petitioner which a new trial will probably correct. It only appears that the land covered by the verdict, if that in fact covers the whole lot, is of much greater value than the amount at which the land set off to the plaintiff, on his execution under which he claims, was appraised. There is no evidence that any facts exist affecting the title of the plaintiff under the levy to the land beyond the fence, which were not proved at the former trial. There is no proof of any probable ground for impeaching the title to that part which was not then made a ground of defence, nor that there is any evidence at the command of the petitioner which was not then introduced; so that, if it is unjust that the plaintiff should recover for the whole tract, it is not made to appear that there is any probable way of escaping the same result at the next trial which was not in fact open to the defendant at the former. The injustice, if any, would seem to be in an appraisal of the land set off at too low a rate; and the defendant, having an interest in the redemption, could have secured all his rights by redeeming the land, worth, as claimed, $3,000, by the payment of about $400; and when the land was set off at his request, and under his engagement to redeem it within the year. This he may now do, as the plaintiff has deposited with the clerk a release to him of all claim to the land, upon the payment of such sum as would seem to be equitable. If the extent was made, at the petitioner's request, upon the land beyond the fence, and the verdict covers the same land, then the ground upon which the verdict was ordered, namely, that the defendant represented the premises to be free from incumbrance, and agreed to pay the amount and redeem within the year, and was thereby estopped to set up his mortgage on the premises as a title against the levy, applies as well to the part of the premises beyond the fence as within it. If the

. extent and verdict cover more than was indicated in his request to, extend the execution upon the land, it is to be remembered that he agreed to pay the amount within the year, and, if he had fulfilled his agreement, his land would have been released from the extent. He may now release it by the payment of such sum as the plaintiff is equitably entitled to receive.

*Petition denied.*